Eminent domain; legislative taking/ just compensation; attorney, appraisal and/or litigation fees; Redwood National Park. — Pub. L. 90-545, approved October 2, 1968, 82 Stat. 931, 16 U.S.C. §§ 79a-79j, established a Eedwood National Park in Del Norte and Humboldt Counties, California; the park included property formerly owned by plaintiff. The appropriation of such property for park purposes was characterized in Drakes Bay Land Co. v. United States, 191 Ct. Cl. 389, 408, 424 F. 2d 574, 584 (1970), as a “pure legislative taking.” Plaintiff seeks to recover, under Count I of its petition, just compensation from defendant for the value of the property taken from it by legislative fiat. In addition, plaintiff seeks to recover under the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, Pub. L. 91-646, 84 Stat. 1906, 42 U.S.C. § 4654, the litigation expenses incurred as a result of the proceedings in this court. Under Count II, plaintiff seeks to recover severance damages and under Count III it seeks to recover inverse condemnation damages resulting from enactment of said law. By Order of the court, based on a stipulation of the parties, Counts II and III were severed from trial of Count I and further proceedings thereon were reserved for subsequent action, if necessary. Following trial, Trial Judge Thomas J. Lydon on July 25,1974 issued a recommended decision in which he concluded (1) that plaintiff is entitled to judgment against defendant on Count I for the taking on October 2, 1968 by defendant of plaintiff’s land, with improvements and standing timber thereon, in the sum of $38,882,251.50, together *820 with simple interest as a part of just compensation at tire rate of 6.6% per annum from October 2, 1968 until the date of payment of the judgment; and (2) that plaintiff is not entitled to recover reasonable attorney, appraisal and/or litigation fees actually incurred by plaintiff because of the proceedings in this case. On January 3, 1975 the court issued the following order:
“Following the filing of findings of fact, an opinion, and recommended conclusions of law by Trial Judge Thomas J. Lydon on July 25, 1974, this case comes before the court on a stipulation of the parties filed December 30, 1974, signed on behalf of the plaintiff and the defendant by the respective attorneys of record. The stipulation, resulting from the submission by plaintiff of a written offer of settlement to the Attorney General, states that plaintiff’s offer of settlement was duly accepted by defendant, whereby plaintiff agreed to accept the sum of $35,382,251.50, together with simple interest thereon at the rate of 6.6 percent per annum from October 2,1968, to date of payment, in full settlement of all claims set forth in the First and Second Counts, as well as in the Ad Damnum clauses, of the petition, with no claim being made relative to the Third Count of said petition since no additional land to which said Count is directed has been taken from plaintiff by defendant since October 2, 1968, and the defendant consented to the entry of judgment in the amount and manner set out above.
“it is therefore ordered that judgment be and the same is entered for the plaintiff in the sum of thirty-five million three hundred eighty-two thousand two hundred fifty-one dollars and fifty cents ($35,382,251.50), together with simple interest thereon at the rate of 6.6 percent per annum from October 2,1968, until date of payment, provided that plaintiff may obtain payment of such award upon the tender, if requested by defendant, of quitclaim deeds to all or any part of the taken lands suitable for recording in the office of the County Recorder of Humboldt County, California.
“it is further ordered that the Third Count of the petition be and the same is dismissed without prejudice.”